Commonwealth ex rel. John T. Bonaparte, Petitioner *v.* Commonwealth of Pennsylvania, Board of Probation and Parole, Respondent.

*John T. Bonaparte*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, with him *Robert P. Kane*, Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., April 26, 1977:

John T. Bonaparte (Petitioner) has filed a Petition for Review with this Court in which he seeks a hearing before the Board of Probation and Parole (Board) and, in general terms, a reinstatement of his previous parole status. The Board filed an answer to which Petitioner filed a rebuttal, and the Board then moved for judgment on the pleadings. We grant the motion for the reasons expressed hereinbelow.

On July 8, 1971, Petitioner, having served the minimum terms on four sentences for property offenses, was paroled by the Board. Two of the sentences were concurrent, and had effective dates of May 30, 1968 and maximum terms expiring May 30, 1983.

On May 31, 1974, Petitioner was again arrested and charged with criminal offenses. Following his release on bail, his whereabouts became unknown to the Board, which thereupon recorded an action to declare Petitioner delinquent.

On February 25, 1976, Petitioner was convicted in the United States District Court at Lexington, Kentucky, on charges of transporting forged securities in interstate commerce and sentenced to five years' imprisonment at the Federal Penitentiary at Terre Haute, Indiana. The Board sent to the Penitentiary a warrant dated July 5, 1976, but subsequently asked the warden there to remove it and return it, which he did on July 19, 1976. To date, the Board has not conducted a parole revocation hearing in Petitioner's case.

Petitioner contends that he has a right under the Federal Constitution to an immediate parole revocation hearing and cites *Morrissey v. Brewer,* 408 U.S. 471 (1972).

We disagree.

In *Moody v. Daggett,* 97 S. Ct. 274 (1976), the Supreme Court held that a federal parolee in prison for crimes committed while on parole was not constitutionally entitled to an immediate revocation hearing even though in that case a parole violation warrant had been lodged with the institution of confinement as a detainer. In language which controls this case, Chief Justice BURGER, speaking for the Court, wrote:

> Issuance of the warrant and notice of that fact to the institution of confinement did no more than express the Board's intent to defer consideration of parole revocation to a later time. Though the gravity of petitioner's subsequent crimes places him under a cloud, issuance of the warrant was not a determination that petitioner's parole under the [earlier] conviction will be revoked; the time at which the Commission must make that decision has not yet arrived. With only a prospect of future incarceration which is far from certain, we cannot say that the parole violator warrant has any present or

inevitable effect upon the liberty interests which Morrissey sought to protect. Indeed, in holding that '[t]he revocation hearing must be tendered within a reasonable time after the parolee is taken into custody[,]' Morrissey, supra, at 488, . . . we established execution of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation. This is a fundamental designation, for the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant.

Thus, the event giving rise to the right to a hearing is custody of the accused under a duly executed warrant. That event not having occurred here, Petitioner has no right to a hearing.

Petitioner also urges us to consider the effect of Section 15 of the so-called Muncy Act,[1] in force at the time of his sentencing, which provided that no minimum sentence could be imposed on women who were convicted of crime, while at the same time Section 6 of the general sentencing act[2] mandated minimum and maximum sentences. Petitioner argues that this sentencing system was a sexually discriminatory one under which women were immediately eligible for parole due to the absence of a minimum sentence, while men were not entitled to that privilege. Assuming, arguendo, that Petitioner was sentenced in Pennsylvania under an unconstitutional law,[3] that fact would have no relevant bearing on his present status. Petitioner

---

[1] Act of July 25, 1913, P.L. 1311, *as amended*, 61 P.S. §566.

[2] Act of June 19, 1911, P.L. 1055, *as amended*, 19 P.S. §1057.

[3] While we do not rule on the matter, it appears that the assumption is hypothetical considering *Commonwealth v. Butler*, 458 Pa. 289, 328 A.2d 851 (1974), in which the Pennsylvania Supreme Court struck down the Muncy Act's ban on minimum sentences for women and upheld minimum sentencing generally.

is incarcerated in a Federal prison, for a Federal offense; there is no outstanding detainer against him from the Board. Only if the Board issues a warrant charging Petitioner with violation of parole will the matter of the alleged unconstitutionality of the system giving rise to the sentence from which Petitioner was paroled be properly before us.

Accordingly, we

### ORDER

AND Now, this 26th day of April, 1977, the Motion for Judgment on the Pleadings of the Board of Probation and Parole is hereby granted and the petition is dismissed.