Edward J. Doan, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

644

Submitted on briefs, November 9, 1977, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt.

*Edward J. Doan*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, with him *Robert P. Kane*, Attorney General, for respondents.

Opinion by Judge Crumlish, Jr., April 25, 1978:

Edward J. Doan (Petitioner) has filed a petition for review with this Court seeking dismissal of a parole violation warrant filed by the Pennsylvania Board of Probation and Parole (Respondent/Board) during his incarceration at the Lewisburg Federal Penitentiary (Lewisburg).

On August 24, 1975, Petitioner was paroled by the Board, having served one year of a two-year minimum sentence on 11 concurrent terms of two to five years. Approximately one week thereafter, Petitioner left the Commonwealth in violation of his parole agreement and, on June 2, 1976, was arrested in Ocean Ridge, Florida, on a federal warrant charging him with possession of stolen mail. He was returned to Pennsylvania by United States Marshals and

placed in the State Correctional Institution at Camp Hill, Pennsylvania (Camp Hill) on July 1, 1976. A parole violation warrant was filed by the Board at Camp Hill on July 6, 1976, charging Petitioner with technical parole violations. After proper notification, a detention hearing was conducted by a representative of the Board on July 16, 1976. It was thereafter decided that Petitioner was to be detained pending disposition of the federal charges. A hearing before the full Board to consider revocation of Petitioner's parole was to be scheduled immediately in the event that the pending federal charges were disposed in his favor. Otherwise, a hearing was to be conducted within 30 days of the imposition of sentence.

Petitioner pleaded guilty to the federal charges and was sentenced on September 10, 1976. He remained at Camp Hill until September 17, 1976, at which time he was taken into federal custody and transferred to Lewisburg.

A parole violation warrant, calling for Petitioner's arrest, was issued by the Board and lodged with the warden of Lewisburg. The warden then filed a "state detainer" against Petitioner and notified the Board of Petitioner's scheduled release on July 1, 1979.

Petitioner contends that failure to afford him a revocation hearing prior to the commencement of his federal sentence deprived him of due process rights in that he was thereby precluded from participating in state rehabilitative and pre-release programs. Petitioner further alleges that the Board waived its right to have him returned to its custody at the completion of his federal sentence by failure to enter a formal agreement with federal authorities to have him serve his federal sentence first.

The Board answered by way of preliminary objections stating that Petitioner fails to state a cause of action and that he is without standing to object to

serving his federal sentence before being returned to state custody.

We must sustain the Board's objections.

In *Commonwealth ex rel. Bonaparte v. Board of Probation and Parole*, 30 Pa. Commonwealth Ct. 10, 13, 372 A.2d 502, 503-4 (1977), citing the United States Supreme Court's opinion in *Moody v. Daggett*, 429 U.S. 78 (1976), we noted, " 'in holding that "[t]he revocation hearing must be tendered within a reasonable time after parolee is taken into custody . . . ," we established execution of *the [parole violation] warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation.* This is a fundamental designation, for the loss of liberty does not occur until the parolee is taken into custody under the warrant.' " (Emphasis added.)

The Court in *Moody, supra,* also held that a parolee in prison for crimes committed while on parole was not constitutionally entitled to an immediate revocation hearing.

Here, the state's custody over Petitioner spanned a two and one-half month period during which Petitioner was held pursuant to a detainer pending disposition of federal charges. The Board's custody over Petitioner pursuant to its warrant calling for his arrest has yet to be perfected. Execution of that warrant will occur at the time Petitioner is released from federal custody. Not until that time will Petitioner be entitled to a revocation hearing.

Because the question of which sovereign exercises precedence in executing its sentence of imprisonment is a matter of comity, the Petitioner has no standing to raise the issue of state custody.

Accordingly, we

## ORDER

AND Now, this 25th day of April, 1978, the preliminary objections of the Pennsylvania Board of Probation and Parole to Edward J. Doan's petition for review are sustained and the petition is dismissed.