Richard Carter, Petitioner *v.* Thomas C. Rapone and Pennsylvania Board of Probation and Parole, Respondents.

Submitted on briefs, August 11, 1978, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and Mac-Phail.

*Richard Carter,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, December 8, 1978:

This petition for review of actions taken by the Pennsylvania Board of Probation and Parole (Board) is ready for disposition upon cross-motions for summary judgment, pursuant to this court's order that the issues be submitted on briefs.

The facts are as follows. Petitioner Richard Carter was paroled from the Delaware County Prison on June 25, 1974, where he had been serving several concurrent sentences, with a maximum term expiration date of July 5, 1976.

While petitioner was on parole, police arrested him September 30, 1974 on burglary charges. The Board lodged a warrant, charging technical parole violations, against him as a detainer, on October 2, 1974. Subsequently, the Board held a preliminary detention hearing and ordered him detained pending disposition of the new criminal charges.

On April 17, 1975, petitioner was found guilty of burglary and the same day sentenced to five to ten years at the State Correctional Institution at Dallas. The sentence is recorded to be effective October 1, 1974.

Following a final revocation hearing, the Board ordered petitioner recommitted as a convicted parole violator "when available," with unserved backtime on the prior sentences noted as totalling "two years, ten days."

Petitioner continues to be incarcerated at Dallas on the sentence imposed for his conviction of burglary in Delaware County, C.P., No. 875 December Term, 1974, the crime he committed while on parole.

Petitioner contends that the Board's order to recommit him as a convicted parole violator "when available" and failure to set a date for consideration of reparole are improper because he is currently not "unavailable" to continue serving the unexpired portion of the sentence from which he was paroled. According to petitioner, he is "available" because both his original and subsequent sentences come under the general jurisdiction of the Board. Section 17 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.17.

This reasoning overlooks the fact that the order of serving sentences for parolees convicted of a subsequent crime is also governed by statute, as follows:

If a new sentence is imposed upon such [convicted] parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:

(1) If a person is paroled from any State penal . . . institution . . . and the new sentence imposed upon him is to be served in any such State . . . institution.

(2) If a person is paroled from a county penal . . . institution and the new sentence imposed upon him is to be served in the same county penal . . . institution.

*In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.* (Emphasis added.)

Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a(a).

Because petitioner was here sentenced to a state institution while on parole from a county institution, the newly imposed sentence must be served, according to the above statute, before serving the balance of the old sentences. Thus petitioner is in fact not available for recommitment to the old sentences until he completes, or is paroled from, the new sentence, and the precise date when that will occur cannot now be known as a certainty. By the same token, a date for reparole reconsideration cannot now be fixed.

Petitioner's status is similar, although not identical, to that considered in *Gant v. Pennsylvania Board of Probation and Parole,* 32 Pa. Commonwealth Ct. 627, 380 A.2d 510 (1977), a case where the convicted parolee was also required by 61 P.S. §331.21a(a) to serve his new sentence first. Although the *Gant* case involved a prisoner serving his new sentence in a county institution, outside the direct control of the Board, the uncertainty of availability dates is the same in both cases. In the *Gant* case, we also found no fault with the fact that the Board had accordingly been unable to set a date for reparole consideration.

Here petitioner also raises the familiar question of whether credit for so-called street time, while on parole, can be validly forfeited as to a convicted parolee. It is well established that under 61 P.S. §331.21a(a) a parolee convicted of a subsequent crime "shall be given no credit for the time at liberty on parole." The validity of this provision has been upheld by numerous decisions including those of this court in *Young v. Pennsylvania Board of Probation and Parole,* 29 Pa. Commonwealth Ct. 268, 370 A.2d 813 (1977) and *Kuykendall v. Pennsylvania Board of Probation and Parole,* 26 Pa. Commonwealth Ct. 234, 363 A.2d 866 (1976).

Still another issue raised by petitioner, the claim that he is currently precluded from participating in

certain rehabilitative programs in the state correctional institution at Dallas, cannot be considered by us in this proceeding against the Board because the conditions and privileges of his incarceration are under the control of a different agency, the Bureau of Corrections. Therefore, that question cannot be before us. *See: Commonwealth ex rel. Thompson v. Day,* 182 Pa. Superior Ct. 644, 648-49, 128 A.2d 133, 136 (1956); *cert. den.* 355 U.S. 843 (1957).

Lastly, petitioner has raised a question concerning the sentence toward which credit should be given for his jail detention time prior to imposition of the new sentence. The certificate of the Chairman of the Board indicates that credit for the entire detention period is being applied to the new sentence; the certificate describes the effective date of that new sentence as October 1, 1974, which was the first full day of detention after the arrest on burglary charges September 30, 1974. Moreover, the Board's determination of backtime remaining to be served on the old sentences is two years and ten days, which was the period between petitioner's parole on June 25, 1974 and his original expiration date of July 5, 1976.

We also note from the record that the judge, when imposing the new sentence, designated October 1, 1974 as its effective date, in accordance with Pa.R.Cr.P. 1406(b), which provides that a sentence shall be computed from the date of commitment for the offense.

An exception to that rule is set forth in *Mitchell v. Pennsylvania Board of Probation and Parole,* 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977), as clarified in *Davis v. Cuyler and Pennsylvania Board of Probation and Parole,* 38 Pa. Commonwealth Ct. 488, A.2d (1978). The exception is that, where the Board's detainer is the *sole* reason for confinement

during the detention period, the detention time is applied to the former sentence.

Here, although the Board did file a detainer October 2, 1974, as above noted, the record does not indicate that petitioner satisfied bail requirements as to the new charge for which he was then committed. Thus, petitioner's detention from October 1, 1974 was due entirely to the new·charge, and the Board's detainer was not the sole reason for the detention confinement.

Hence, the exception does not apply, and credit is to be given as the sentences are now recorded, with the detention time beginning October 1, 1974 credited toward the new sentence and the backtime on the old sentence remaining as recorded.

Accordingly, we will dismiss petitioner's motion for summary judgment and grant the Board's motion for summary judgment.

ORDER

AND Now, this 8th day of December, 1978, the motion for summary judgment of Petitioner Richard Carter is dismissed, and the motion for summary judgment of the Pennsylvania Board of Probation and Parole is granted.