Stanope Tyrone Pugh, a/k/a Tyrone Pugh Johnson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, April 18, 1979, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*Stanope Tyrone Pugh,* a/k/a *Tyrone Pugh Johnson,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Attorney General, for respondent.

Opinion by Judge Crumlish, Jr., August 10, 1979:

By an Order of January 17, 1979, the petition for review of Stanope Tyrone Pugh, a/k/a Tyrone Pugh Johnson, petitioner, was treated as one addressed to our original jurisdiction. Pennsylvania Rules of Appellate Procedure and Section 761 of the Judicial Code, 42 Pa. C.S. §761.

For our consideration is the petition for review, preliminary objections in the nature of a demurrer filed by the Pennsylvania Board of Probation and Parole (Board). The certificate of the Chairman of the Board, submitted pursuant to Section 8 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.8, and petitioner's traverse response to the certificate, as well as briefs in support of the issues, are a part of the record.

In June, 1968, petitioner was ordered to serve three concurrent three to ten year terms for felony convictions.[1] Completing the minimum sentence, he was paroled May 3, 1971. In the next six months, petioner was arrested five times by the Philadelphia police for various criminal incidents. After the fourth arrest, he was released on bail and continued under parole supervision until the fifth arrest on November 22, 1971, for bail violation. Bail was revoked and a parole violation warrant was filed charging him with technical parole violations. Two of the aforesaid arrests resulted in convictions after which his status was changed to convicted parole violator. When, on May 7, 1973, he was sentenced to two to four years, his back time was calculated to be seven years and the original maximum term of his June, 1968 sentence was modified to read May 7, 1980. On the second conviction, he was sentenced to a concurrent one to three year sentence to follow completion of his arrest sentence. On May 30, 1975, he reentered a state institution to serve his two to four year term concurrent with the one to three year term. After the minimum term was completed, he was paroled from the concurrent sentences on May 27, 1976.

Petitioner again went afoul of the Philadelphia authorities on June 1, 1977, when he was arrested and charged with bank robbery and conspiracy. He was found guilty of conspiracy and sentenced in Federal District Court to five years in a federal institution where he is presently in residence.

Petitioner initially contends that the time spent in custody pursuant to the Board's detainer order prior to sentencing on new charges should credit against the

---

[1] Board records indicate petitioner was sentenced on January 3, 1969, to three identical concurrent 3-10 year terms effective May 3, 1968, with a minimum of May 3, 1971, and a maximum of May 3, 1978.

original sentence. We have held that this is so only where the convicted parole violator was eligible for bail, had met the requirements for the new offense, and had remained incarcerated solely on the lodged detainer warrant. *Rodriques v. Pennsylvania Board of Probation and Parole,* 44 Pa. Commonwealth Ct. 68, 403 A.2d 184 (1979). *See also Davis v. Cuyler,* 38 Pa. Commonwealth Ct. 488, 394 A.2d 647 (1978), and *Mitchell v. Pennsylvania Board of Probation and Parole,* 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977). So here, the credit was properly applied to the new sentence because Board records show his November 22, 1971 arrest was on charges of contempt of court and bail violation and his freedom was restricted because of the new charge and not by the Board warrant.

Petitioner raises a related issue alleging that the maximum term of his original sentence was improperly extended for a longer period of time than he was on parole. The Chairman's certificate indicates that credit for petitioner's jail detention time prior to sentence is applied to the *new* sentence. The Board did not err in its determination of seven years back time applied to the original sentence, which was the period between petitioner's initial parole on May 3, 1971 and his original expiration date of May 3, 1978.

Next, petitioner argues that the Board has lost jurisdiction because it failed to provide him with a revocation hearing following the federal conviction. That he is in federal custody, he says, does not relieve the Board of its duty to give him a parole revocation hearing within a ''reasonable time'' after he was taken into custody. We need only cite the Board regulations found at 37 Pa. Code §71.4:

> (2) The [revocation] hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty . . . except as follows:

(i) If the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, such as confinement out-of-State, *confinement in a Federal Correctional Institution* . . . the final Revocation Hearing shall be held within 120 days of the official verification of the Board of the return of the parolee to a State correctional facility. (Emphasis added.)

Easily seen, the 120-day limitation has not been violated and will not begin to run until the Board receives official verification of petitioner's return to a State correctional facility.

Petitioner's final challenge alleges the Board has incorrectly ordered him to serve his new sentence before he completed his original sentence. We are cognizant of the rule that applies to a parolee from a state penal institution when a new sentence is imposed to be served in a state penal institution—the service of the balance of the original term precedes the start of the new term. However, where the new sentence is in a federal penal institution, the latter must be served first. Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. §331.21a.

The Board has filed preliminary objections in the nature of a demurrer alleging that the waiting period before trial must be credited to the new sentence and that petitioner has no right to a revocation hearing until he returns to the Board's jurisdiction. The applicable statutory and case law convinces us that the Board has, without impropriety, complied with its regulations.

Accordingly, we

ORDER

AND Now, this 10th day of August, 1979, upon consideration of the preliminary objections of the Penn-

sylvania Board of Probation and Parole and answer thereto, said objections are hereby sustained and the petition for review filed by Stanope Tyrone Pugh, a/k/a Tyrone Pugh Johnson, is hereby dismissed.

Judge MacPhail concurs in the result only.