Robert L. Jackson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, November 30, 1979, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

Submitted on briefs:

*Robert L. Jackson,* for himself, petitioner.

*Robert A. Greevy,* Assistant Attorney General, with him, *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, January 30, 1980:

Robert L. Jackson has filed a petition for review in the nature of mandamus alleging error in the action of the Pennsylvania Board of Probation and Parole in the recomputation of the term remaining to be served on a sentence of imprisonment. The parties have filed cross motions for judgment on the pleadings and the matter is before us on briefs.

Jackson was convicted of burglary in the Court of Common Pleas of Dauphin County and was sentenced on November 8, 1972 to a prison term of from six months to five years. On January 27, 1974, while on parole, he was arrested and detained in Dauphin County on charges of robbery and burglary. He did not post bail and remained in custody on these charges. By reason of the charges, the Board filed a detainer charging Jackson with a technical parole violation. He was convicted of the new criminal charges and was sentenced on March 25, 1975 to imprisonment during "time already served." The Board continued its detainer, however, and Jackson remained in custody until April 21, 1975, at which time he was continued on parole.

The Board was thereafter unable to locate Jackson until January 7, 1977, when parole agents arrested him on a detainer charging technical parole violations based on his conviction for new criminal offenses in a Maryland Court. While confined on the Board's detainer, he was charged with and convicted of bank robbery by federal authorities. After appropriate hearings, the Board found Jackson to be a convicted parole violator and on November 30, 1977 revoked his parole. The Board recomputed the time owing on his original sentence, giving him credit for all detention time served as a result of the Board's detainers but refusing to credit him with time spent in custody as a result of criminal charges. The

Board thus calculated the maximum time remaining on Jackson's original sentence to be three years, ten months and twenty-five days to be served from May 6, 1977.

Jackson says that the Board erred in failing to give him credit for all time served awaiting trial and sentencing after arrest on January 27, 1974 on new criminal charges in Dauphin County. He says that he is entitled to credit for all such time because the Board's detainer was the "primary reason" for his detention during that period.

In *Davis v. Cuyler,* 38 Pa. Commonwealth Ct. 488, 394 A.2d 647 (1978), we held that a parolee is entitled to credit against an original sentence for detention time only if the Board's detainer is the sole reason for his incarceration. In *Carter v. Rapone,* 39 Pa. Commonwealth Ct. 160, 394 A.2d 1092 (1978), where the parolee was arrested on new criminal charges and failed to satisfy bail requirements, we held that he was not entitled to credit against his original sentence because the Board's detainer was not the sole reason for his incarceration. That case controls here. Moreover, the Court of Common Pleas of Dauphin County gave Jackson credit for his detention time, as it was required to do by Pa. R. Crim. P. 1406(b), when it sentenced him to time served on the new charges.

We therefore enter the following:

### ORDER

AND Now, this 30th day of January, 1980, the motion for judgment on the pleadings filed November 29, 1979 by the Pennsylvania Board of Probation and Parole is hereby granted, and judgment is granted in favor of the Board and against Robert L. Jackson.

Judge DISALLE did not participate in the decision in this case.