Andre Davis, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

PER CURIAM OPINION, December 8, 1982:

Petitioner Andre Davis, reincarcerated as a parole violator convicted for a new offense while on parole, seeks review of the computation of his service of backtime on his original sentence, as made by the Pennsylvania Board of Probation and Parole in connection with the board's setting of a new reparole date.[1]

---

[1] The petitioner, while on parole from serving an uncompleted sentence of two-ten years earlier imposed, was arrested December 27, 1980 for committing a new theft offense and incarcerated in Delaware County. According to the record, he did not make bail but remained in pre-trial detention.

On May 12, 1981, the board lodged a detainer warrant against him as a technical parole violator, and on November 30, 1981, the board ordered that his service of eleven months backtime on the original 1971 conviction run from the date of its May 12 detainer, thus arriving at a reparole date of April 12, 1982.

However, after petitioner's conviction on February 2, 1982 for the new theft offense, the judge sentenced petitioner to "time-served to twenty-three months" for that new offense, thus applying the detention time to the new offense.

Thereafter, following a revocation hearing, the board, in April 1982, rescinded its November 1981 order relating to the commencement of backtime and reparole date, and then computed the backtime to begin from February 2, 1982—the expiration date of the new sentence minimum—so as to run to January 1, 1982; the board's addition of six months, for a total of seventeen months from February 1982, resulted in a reparole date in July 1983, subsequently revised to an earlier date of March 6, 1983.

The petitioner's contention is that the board has subjected him to serving an eleven-month backtime period twice—initially from May 1981 and then again from February 1982.

The precise question presented is: Where a parole violator, ultimately convicted for an offense committed while on parole, is not released on bail but remains in detention until trial, should the pre-trial detention time, even after the lodging of a board detainer, be counted toward backtime or attributed to the sentence for the new offense?

The definite answer to the question is that, in such circumstances, the pre-trial detention time is counted toward the new sentence, not toward backtime. We confirmed that interpretation in *Campbell v. Pennsylvania Board of Probation and Parole,* 48 Pa. Commonwealth Ct. 454, 409 A.2d 980 (1980), and *Carter v. Rapone,* 39 Pa. Commonwealth Ct. 160, 394 A.2d 1092 (1978), following *Davis v. Cuyler,* 38 Pa. Commonwealth Ct. 488, 394 A.2d 647 (1978), clarifying *Mitchell v. Pennsylvania Board of Probation and Parole,* 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977), on which the petitioner has relied.

Therefore, the trial judge was quite correct in applying the detention time to the sentence he imposed for the new offense, and the board was also correct when it revised its actions to be consistent with that result. The petitioner is actually seeking to have his pre-trial detention, after the lodging of a board detainer, count concurrently on both backtime and the new sentence and therefore has no basis for claiming a doubled application of the backtime. We made clear in *Davis, Carter* and *Campbell* that the absence of posting of bail—although bail-posting in such circumstances is admittedly unlikely—is nevertheless determinative in characterizing the nature of pre-detention custody.

### Order

Now, December 8, 1982, the actions of the Pennsylvania Board of Probation and Parole appealed from, up to and including the action of July 12, 1982, are hereby affirmed.