**Vernal ALSTON, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 11, 2001.

Decided May 3, 2002.

Vernal Alston, petitioner, pro se.

Robert A. Greevy, Harrisburg, for respondent.

BEFORE: DOYLE, Senior Judge,[1] SMITH–RIBNER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge DOYLE.

Before this Court, in our original jurisdiction, is the preliminary objection in the form of a demurrer filed by the Pennsylvania Board of Probation and Parole to the petition for review, in the nature of mandamus, of Vernal Alston. We sustain the Board's objection[2] and dismiss Alston's petition.[3]

Alston is currently incarcerated in the Federal Correctional Institution in Schuylkill, Pennsylvania (F.C.I.-Schuylkill).[4] On September 14, 1994, Alston was paroled

---

1. This case was assigned to the opinion writer prior to the date when President Judge Doyle assumed the status of senior judge on January 1, 2002.

2. A demurrer may only be sustained when on the face of the complaint the law will not permit recovery. *Stone & Edwards Insurance Agency, Inc. v. Department of Insurance,* 151 Pa.Cmwlth. 266, 616 A.2d 1060 (1992), *aff'd,* 538 Pa. 276, 648 A.2d 304 (1994). All well-pled allegations must be accepted as true. *Id.* Mandamus will only lie where the petitioning party demonstrates a clear right to relief, a corresponding clear duty on the part of the party against which mandamus is sought, and

the want of any other adequate remedy. *Francis v. Corleto,* 418 Pa. 417, 211 A.2d 503 (1965). Further, mandamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases. *Id.*

3. Although Alston styled his petition as a petition for writ of *habeas corpus,* because he actually seeks relief in mandamus, this Court does have jurisdiction in this matter. *See, e.g., McGriff v. Pennsylvania Board of Probation & Parole,* 149 Pa.Cmwlth. 638, 613 A.2d 688 (1992).

4. There is no statement in the file regarding when Alston was sent to federal prison.

from a state correctional institution where he had been serving a sentence of ten to twenty years, which was imposed following a conviction in Philadelphia County. He was arrested by federal authorities on October 30, 1997, and charged with distribution of cocaine and aiding and abetting. According to Alston, he was released on bail on the date that he was arrested, but was immediately incarcerated in the State Correctional Institution at Camp Hill, Pennsylvania (S.C.I.-Camp Hill) solely on the Board's detainer. Alston was convicted of the federal charges,[5] and the Board held a revocation hearing on November 5, 1997. Pursuant to a decision recorded on January 16, 1998, the Board mailed Alston a form PBPP–15 on February 11, 1998, by which it notified him of its decision to recommit him to serve three months of backtime, when available, as a technical parole violator and also to serve, as a convicted parole violator, nine months of backtime concurrently, when available, for a total of nine months of backtime.

Alston now asserts that he was confined in S.C.I.-Camp Hill solely on the Board's detainer from October 30, 1997 to December 6, 1999, and that this period of time must be credited to his original sentence. He also asserts that he was available to the Board for recommitment beginning on October 30, 1997, that service of his nine months of backtime should have begun on that date, and that service of his backtime should have expired on July 30, 1998. What Alston is essentially requesting is a Board order, or a new PBPP–15, containing a recomputed maximum date because, he maintains, the Board neglected to inform him when his reparole eligibility would expire.

■ Alston argues that Section 21a(a) of the Parole Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.21a(a),[6] re-

5. The file does not contain any statements regarding when Alston was convicted of these charges.

6. Section 21a(a) provides:
    (a) Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, from which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole. The board may, in its discretion, reparole whenever, in its opinion, the best interests of the prisoner justify or require his release on parole and its does not appear that the interests of the Commonwealth will be injured thereby. The period of time for which the parole violator is required to serve shall be computed from and begin on the date that he is taken into custody to be returned to the institution as a parole violator.
    If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:
    (1) If a person is paroled from any **State** penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such **State** penal or correctional institution.
    (2) If a person is paroled from a **county** penal or correctional institution and the new sentence imposed upon him is to be served in the same **county** penal or correctional institution.
    In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.
    61 P.S. § 331.21a(a) (emphasis added).

quires that the Board immediately credit the time he served in custody in the state system and recompute his sentence. However, the statutory section Alston cites requires that individuals paroled from state or county institutions who are recommitted to the same type of institution from which they were paroled shall serve the balance of their old terms prior to serving the subsequently imposed term. It provides further, however, that: "[i]n all other cases, the service of the new term for the latter crime **shall precede** commencement of the balance of the term originally imposed." 61 P.S. § 331.21a(a) (emphasis added).

Both Alston and the Board rely on our decision in *Pugh v. Pennsylvania Board of Probation & Parole*, 45 Pa.Cmwlth. 41, 404 A.2d 776 (1979). Alston's reliance on *Pugh*, however, is misplaced. Pugh, like Alston, was on parole from a state institution when he was convicted on federal charges and sentenced to a federal prison. We held in *Pugh* that "where the new sentence is in a **federal** penal institution, the latter [federal] must be served first." 404 A.2d at 778 (emphasis added) (citations omitted). Therefore, Alston, being presently in a federal prison, must wait until he is returned to the state system to raise the issue of credit for his jail time while in the state system, *i.e.*, his allegation that he served time in S.C.I.-Camp Hill from October 30, 1997 to December 6, 1999. We agree with the Board that, where a new federal sentence must precede the serving of backtime, the date on which the service of backtime is set to begin cannot be known until the inmate is actually re-entered into state custody to serve the backtime, and therefore the Board is not now required to set a reparole reconsideration date. *See Carter v. Rapone*, 39 Pa. Cmwlth. 160, 394 A.2d 1092 (1978).

Moreover, the Board agrees that, **if** Alston posted bail on the federal charges, any credit for the time spent at S.C.I.-Camp Hill can be applied to his original sentence when he becomes available. *Gaito v. Pennsylvania Board of Probation & Parole*, 488 Pa. 397, 412 A.2d 568 (1980). His time at Camp Hill, therefore, is not lost to him; it just will not be considered by the Board until he has served his federal sentence and is again available to the Board.

Accordingly, the Board's preliminary objection is sustained and the petition for review is dismissed.

## ORDER

AND NOW, this *3rd* day of *May*, 2002, the preliminary objection of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby sustained and the petition for review is dismissed.