# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Orlando Edney, :
:
Petitioner :
:
v. : No. 389 M.D. 2017
:
Pennsylvania Department of : Submitted: April 13, 2018
Corrections, State Correctional :
Institution Pine Grove, :
:
Respondents :

BEFORE: HONORABLE P. KEVIN BROBSON, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: June 13, 2018

Before the Court are the preliminary objections (POs) of the Pennsylvania Department of Corrections (Department) and the State Correctional Institution (SCI)-Pine Grove (collectively, Respondents) to the *pro se* Petition for Discretionary Review (Petition) filed in this Court's original jurisdiction by Orlando Edney, an inmate at SCI-Pine Grove. We sustain the POs and dismiss the Petition.

On September 7, 2016, Edney was sentenced by the Philadelphia County Common Pleas Court (trial court) to two concurrent 5- to 10-year terms of imprisonment on his burglary convictions, and two consecutive 5-year probationary terms on his conspiracy convictions based on his negotiated guilty pleas. The trial

court specifically granted "Credit for time served: Credit for time served, including time served on House Arrest/Electronic Monitoring." Petition Exhibit 1A, Exhibit 1B. On September 5, 2017, Edney filed the instant Petition[1] alleging that the Department has failed to comply with the trial court's sentencing order by refusing to grant him credit for the 404 days that he served on house arrest, from July 30, 2015, to the date of sentencing, September 7, 2016, as directed by the trial court.

"Mandamus is an extraordinary writ designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy." *Sheffield v. Department of Corrections*, 894 A.2d 836, 840 (Pa. Cmwlth. 2006), *aff'd*, 934 A.2d 1161 (Pa. 2007). The Department is an administrative agency charged with faithfully carrying out sentences imposed by the courts, and it is without authority "to adjudicate the legality of a sentence or to add or delete sentencing conditions." *McCray v. Department of Corrections*, 872 A.2d 1127, 1133 (Pa. 2005). "Because the sentence imposed by a trial court is a question of law that involves no discretion on the part of the Department, mandamus will lie to compel the Department to properly compute a prisoner's sentence." *Barndt v. Department of Corrections*, 902 A.2d 589, 592 (Pa. Cmwlth. 2006). A writ of mandamus, however, cannot be used to compel an illegal act. *Doxsey v. Bureau of Corrections*, 674 A.2d 1173, 1175 (Pa. Cmwlth. 1996).

---

[1] Although styled as a Petition for Discretionary Review, the instant Petition challenges the Department's calculation of Edney's sentence and asks this Court to compel the Department to grant credit on this sentence. As a result, the Petition is properly treated as one in mandamus over which this Court has original jurisdiction. *Alston v. Pennsylvania Board of Probation and Parole*, 799 A.2d 875, 876 (Pa. Cmwlth. 2002).

In this case, the Department demurs to Edney's Petition based upon its assertion that Edney has not pleaded facts showing that he has a clear right to mandamus relief.[2]  The Department contends that the trial court's sentencing order is illegal in that it violates Section 9760(1) of the Sentencing Code, 42 Pa. C.S. §9760(1), by granting "[c]redit for time served, including time served on House Arrest/Electronic Monitoring."  Petition Exhibit 1A, Exhibit 1B.[3]

Section 9760 of the Sentencing Code states, in relevant part:

> After reviewing the information submitted under [S]ection 9737 [of the Sentencing Code, 42 Pa. C.S. §9737] (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.  Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

---

[2] "In ruling on preliminary objections, the courts must accept as true all well-pled facts that are material and all inferences reasonably deducible from the facts."  *Pennsylvania Independent Oil & Gas Association v. Department of Environmental Protection*, 135 A.3d 1118, 1123 (Pa. Cmwlth. 2015), *aff'd*, 161 A.3d 949 (Pa. 2017) (quoting *Guarrasi v. Scott*, 25 A.3d 394, 400 n.5 (Pa. Cmwlth. 2011)).  "However, we 'are not required to accept as true any unwarranted factual inferences, conclusions of law or expressions of opinion.'"  *Id.* (quoting *Guarrasi*, 25 A.3d at 400 n.5).  "To sustain preliminary objections, 'it must appear with certainty that the law will permit no recovery' and '[a]ny doubt must be resolved in favor of the non-moving party.'"  *Id.* (quoting *Guarrasi*, 25 A.3d at 400 n.5).

[3] The Department also objected based on defective service.  *See* Pa. R.A.P. 1514(c) (requiring service of a petition for review to be served in person or by certified mail upon the governmental agency as well as the Attorney General's Office).  This Court directed Edney to comply with Rule 1514(c).  On December 15, 2017, Edney filed a certificate of service certifying service to the Department and the Attorney General by certified mail.  Accordingly, by January 2, 2018 order, we overruled the Department's preliminary objection in this regard.

3

42 Pa. C.S. §9760(1).

In *Commonwealth v. Kyle*, 874 A.2d 12 (Pa. 2005), our Supreme Court examined the meaning of the phrase "in custody" as it appears in Section 9760. In that case, Kyle argued that he should receive credit for time spent "in custody" pursuant to Section 9760 for the 268 days he was released on bail prior to trial and subjected to electronic monitoring at his home. The Supreme Court noted that neither Section 9760, nor any other provision of the Sentencing Code, defines the phrase "time spent in custody" and that "there are many forms of sentence, and many forms of pre-sentencing release, which involve restrictions far short of incarceration in a prison." *Id.* at 17. In examining the time that Kyle spent at home subject to electronic monitoring, the Supreme Court made clear that in order to qualify as "time spent in custody" under Section 9760, the level of restriction must coincide with that which necessarily attends placement in an institutional setting and explained:

> While at home, an offender enjoys unrestricted freedom of activity, movement, and association. He can eat, sleep, make phone calls, watch television, and entertain guests at his leisure. Furthermore, [he] does not suffer the same surveillance and lack of privacy that he would if he were actually incarcerated."

*Id.* at 22 (citation omitted). As a result, the Court concluded that "as a matter of law credit cannot be awarded toward a prison sentence for time spent released on bail, subject to electronic monitoring, in the circumstances presented here." *Id.* at 23.

Likewise, applying the rationale of *Kyle* in the instant case, Edney is not entitled to credit for the time that he spent on house arrest prior to sentencing on his guilty pleas. As a result, we cannot grant Edney the requested mandamus relief. As we have explained:

> Mandamus will lie where there exists a right on behalf of the party seeking relief in mandamus. Thus, a writ of mandamus can be used to compel the [Department] to compute properly a prisoner's prison sentence. No one, however, has a right and this Court, indeed, lacks the authority to compel an illegal act. . . . This is not to say that petitioner has no remedy. In a situation where, because a sentence is illegal, a prisoner does not receive the benefit of his plea bargain, the proper avenue would appear to be to seek relief in the sentencing court. While the court cannot declare the vehicle for obtaining such relief, what is clear is that the remedy is not one in mandamus against the [Department] to compel it to honor an illegal order.

*Doxsey*, 674 A.2d at 1175. *See also Duncan v. Pennsylvania Department of Corrections*, 137 A.3d 575, 576 (Pa. 2016) ("Given the above statutes and the existing decisional law, [the Department] cannot be compelled by a writ of mandamus to enforce the sentencing order. *See Fajohn* [*v. Department of Corrections*, 692 A.2d 1067, 1068 (Pa. 1997)]. Therefore, mandamus is not available to compel the relief Appellant seeks. However, . . . it appears Appellant may be permitted to seek modification of his sentence *nunc pro tunc* before the sentencing court, asserting he has not received the benefit of the guilty plea bargain negotiated with the Commonwealth and approved by the court. *See id.* at 1068 n.1.").

Accordingly, Respondents' PO in the nature of a demurrer is sustained and Edney's Petition is dismissed.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Orlando Edney,                          :
                                        :
                    Petitioner          :
                                        :
          v.                            : No. 389 M.D. 2017
                                        :
Pennsylvania Department of              :
Corrections, State Correctional         :
Institution Pine Grove,                 :
                                        :
                    Respondents         :

# **O R D E R**

AND NOW, this 13th day of June, 2018, Respondents' preliminary objection in the nature of a demurrer is SUSTAINED, and Petitioner's Petition for Discretionary Review is DISMISSED.


_____
MICHAEL H. WOJCIK, Judge