IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Jones,                                    :
                    Petitioner                   :
                                                 :
        v.                                       :    No. 36 C.D. 2020
                                                 :    Submitted: August 21, 2020
Pennsylvania Board of Probation                  :
and Parole,                                      :
                    Respondent                   :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                        FILED: December 18, 2020

        Steven Jones petitions for review of an adjudication of the
Pennsylvania Board of Probation and Parole (Board)[1] denying his administrative
appeal. Jones's appointed counsel, First Assistant Public Defender for Fayette
County Meghann E. Mikluscak, Esquire (Counsel), has filed an application for
leave to withdraw her appearance. For the reasons that follow, we deny Counsel's
request to withdraw.

        On July 21, 1988, Jones was released on parole from the State
Correctional Institution (SCI) at Camp Hill to reside in Compton, California, after
serving time on his Pennsylvania sentence for robbery and rape convictions.[2] At

---

[1] Following the filing of the petition for review, the Pennsylvania Board of Probation and Parole
was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of
December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and
6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

[2] A condition of Jones's parole required him to report immediately upon arrival in person to "B.
Bennett Pannell, PA I, Compton II, 405 E. Compton Blvd., Compton, CA" because the Board
released him to "a home plan." Certified Record at 5, 54 (C.R. __).

the time of his 1988 parole, Jones's maximum sentence date was November 28, 2003. On May 18, 1989, Jones was arrested in Los Angeles County, California, and charged with several felonies, including robbery, forcible oral copulation, rape, assault with a deadly weapon, robbery and assault with a firearm. Jones did not post bail. On July 7, 1989, the Board issued a warrant to commit and detain Jones pending disposition of the new criminal charges. On July 17, 1990, Jones pleaded guilty to the felonies and, on August 30, 1990, he was sentenced to 24 years to 56 years and 8 months' incarceration.[3] On June 12, 2018, California authorities released Jones, and he was transferred to SCI-Fayette.

On July 3, 2018, the Board presented a notice of charges and revocation hearing to Jones. Jones waived his right to counsel and to a hearing, and admitted the California convictions. On September 17, 2018, the Board recommitted Jones as a convicted parole violator to serve his unexpired term of 15 years, 4 months and 17 days on his Pennsylvania sentence. The Board recalculated Jones's maximum sentence date from November 28, 2003, to October 29, 2033.

On October 5, 2018, Jones filed a petition for administrative review, asserting that his recalculated maximum sentence date was incorrect. Jones explained that the Board "has taken a 2003 [maximum sentence date] and changed it to 2033 without merit." C.R. 71. By decision mailed May 1, 2019, the Board denied Jones's appeal and affirmed the September 17, 2018, order. The Board explained:

> The Board paroled you from a[n] [SCI] . . . on July 21, 1988
> with a [maximum sentence date] of November 28, 2003. This
> left you with a total of 5618 days remaining on your sentence at

---

[3] At the time of Jones's conviction, California law provided that he receive one-day credit for each day served, "essentially reducing his confinement to half of the term." C.R. 54.

the time of parole. The Board's decision to recommit you as a convicted parole violator authorized the recalculation of your sentence to reflect that you received no credit for the time you were at liberty on parole[.] 61 Pa. C.S. §6138(a)(2). In this case, the [B]oard did not award you credit for time at liberty on parole. This means you still had a total of 5618 days remaining on your sentence based on your recommitment.

You were arrested for new criminal charges in California on May 18, 1989, and you did not post bail. On July 7, 1989 the [B]oard lodged its detainer against you. You were sentenced in California on August 30, 1990 to a term of twenty-four years to fifty-six years eight months. You were available to be returned from your California charges on June 12, 2018.

Based on these facts, the [B]oard did not award backtime credit. This means you still had a total of 5618 days remaining on your original sentence.

The Prisons and Parole Code provides that convicted parole violators who are paroled from a[n] [SCI] and then receive another sentence to be served in another state must serve the other states [sic] sentence first. Thus, you did not become available to commence service of your original sentence until June 12, 2018 when you were available to the [B]oard from your California sentence. Adding 5618 days to that date yields a new maximum sentence date of October 29, 2033.

*Id.* Jones petitioned this Court for review.

In his *pro se* petition for review, Jones argues that the Board erred in recalculating his maximum sentence date. Jones's petition for review is difficult to follow, but we discern that Jones contends, first, that he is entitled to credit for time spent at liberty on parole because he was not convicted of a crime requiring registration as a sex offender. *See* 61 Pa. C.S. §6138(a)(2.1).[4] Second, Jones

---

[4] Section 6138 of the Prisons and Parole Code states, in relevant part, as follows:

**(a) Convicted violators.**--

contends that he is entitled to credit for time spent in custody while on the Board's detainer from July 7, 1989, until he was released to Pennsylvania authorities on June 12, 2018. In support, he cites *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). Third, Jones contends that the Board caused him to serve a "harsher sentence" than required by law because the Prisons and Parole Code required him to serve only the original sentence imposed by the Pennsylvania court. *See* 61 Pa. C.S. §6138(a)(5).[5]

---

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

\* \* \*

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) *or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders)*.
>
> (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa.C.S. §6138(a) (emphasis added).

[5] Section 6138(a)(5) of the Prisons and Parole Code states:

4

By order dated January 22, 2020, this Court granted Jones's application to proceed *in forma pauperis* and appointed the Public Defender of Fayette County to represent him. After review of this matter, Counsel filed an application for leave to withdraw her appearance and a no-merit letter asserting that Jones's appeal lacks merit.

In *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), our Supreme Court set forth the requirements appointed counsel must meet in order to withdraw from representation. Pursuant to *Turner*, once appointed counsel has reviewed the case and determined that the petitioner's claims are meritless,

> counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, *explaining why and how those issues lack merit*, and requesting permission to withdraw.

---

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

(5.1) If the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea under paragraph (1), the parolee shall serve the balance of the original term before serving the new term.

61 Pa.C.S. §6138(a).

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (emphasis added). If counsel fails to satisfy the foregoing requirements of *Turner*, the court will not reach the merits of the underlying claims but will merely deny counsel's request to withdraw. *Id.*

Counsel's no-merit letter does not meet the *Turner* requirements because it does not explain why each of Jones's three issues lack merit. In her letter, Counsel states: "[m]y understanding is that you are challenging the Board's denial of your credit time while you were at liberty on parole, specifically the recalculation of your maximum sentence date of October 29, 2033." No-Merit Letter at 1. After an "exhaustive examination of the certified record," Counsel concludes as follows:

> [A]ccording to 61 Pa. C.S.[] §6138(a) and *Melendez v. Pennsylvania Board of Probation and Parole*, 944 A.2d 824 (Pa. Cmwlth. 2008)[,] . . . a convicted parole violator is not entitled to credit against his maximum [sentence date] for the time he spent on parole if he is recommitted for being convicted of a new crime that was committed while on parole.

> [A]ccording to 61 Pa.C.S.[] §6138(a), state parole violation backtime must be served consecutively to a new sentence. According to *Pugh v. Pennsylvania Board of Probation and Parole* . . . 404 A.2d 776 ([Pa. Cmwlth.] 1979)[,] and *Doan v. Pennsylvania Board of Probation and Parole* . . . 384 A.2d 1054 ([Pa. Cmwlth.] 1978), the new out-of-state sentence will be served first.

> Based on the foregoing, I do not believe that there is any merit, in either law or fact, to your contention that your maximum date was miscalculated. Further, I do not believe that there is

6

> anything in the record substantiating any other issues that may
> be raised on your behalf.

*Id.*

Counsel does not cite facts of record nor does she offer any analysis to support her conclusion that the Board correctly recalculated Jones's maximum sentence date. A no-merit letter must explain why and how the issues raised by petitioner lack merit. *See Jefferson v. Pennsylvania Board of Probation and Parole,* 705 A.2d 513, 514 (Pa. Cmwlth. 1998) (counsel's no-merit letter must analyze petitioner's legal claims).[6] Counsel's no-merit letter does not meet this requirement.

Counsel does not address Jones's first argument that he should have been given credit for time spent at liberty on parole because he was not rendered ineligible by 61 Pa. C.S. §6138(a)(2.1). Likewise, Counsel does not address Jones's second argument that he should have been given credit for time spent in custody while on the Board's detainer until released to Pennsylvania authorities. This Court must deny an attorney's request to withdraw where the no-merit letter does not address all of the inmate's contentions. *See Hont v. Pennsylvania Board of Probation and Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996).

However, Counsel does address Jones's third argument, *i.e.*, that his sentence is too harsh. Jones contends that he was required to serve only the original sentence imposed by the Pennsylvania court. Counsel explains that

---

[6] The Board's recommitment order dated September 5, 2018, upon which the Board based its September 17, 2018, decision, provided that Jones's parole date was July 11, 1988. C.R. 67, 69. However, in the Board's May 1, 2019, adjudication, the Board states that Jones was paroled on July 21, 1988. C.R. 73. Despite using different parole dates as the basis for its recalculation of Jones's maximum sentence date, the Board somehow concluded, in both instances, that Jones's maximum sentence date is October 29, 2033. C.R. 67, 73.

"backtime must be served consecutively to a new sentence" and that "the new out-of-state sentence will be served first." No-Merit Letter at 1.[7] In short, Counsel explains that Jones must serve both the California and Pennsylvania sentences and in that order. *See* 61 Pa. C.S. §6138(a)(5).

Because counsel did not address the first two issues Jones raised in his petition for review, her no-merit letter does not comply with the *Turner* requirements. Accordingly, we deny Counsel's application for leave to withdraw her appearance, without prejudice, and direct Counsel to file and serve, within 30 days, a new application for leave to withdraw and a no-merit letter that complies with *Turner*. If Counsel concludes, upon reconsideration, that Jones's petition for review has merit, Counsel shall file a brief to support Jones's claims.

_____
MARY HANNAH LEAVITT, President Judge

---

[7] Counsel cites *Pugh* and *Doan* in her no-merit letter, which involved parolees that committed *federal* crimes while on parole from their original state sentences. In *Pugh*, the parolee argued that the Board improperly ordered him to serve his new federal sentence before he finished his original state sentence. *Pugh*, 404 A.2d at 778. In *Doan,* the parolee complained that the Board failed to hold a revocation hearing prior to the commencement of his federal sentence, thereby depriving him of due process. *Doan*, 384 A.2d at 1055. Jones's third issue does not involve due process. However, Counsel responded to Jones's third issue by explaining that he had to serve both the California and Pennsylvania sentences and in that order. No more is required on this issue.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Jones,                           :
                    Petitioner          :
                                        :
            v.                          :       No. 36 C.D. 2020
                                        :
Pennsylvania Board of Probation         :
and Parole,                             :
                    Respondent          :

# **O R D E R**

AND NOW, this 18ᵗʰ day of December, 2020, the application for leave to withdraw appearance filed by Meghann E. Mikluscak, Esquire, First Assistant Public Defender for Fayette County (Counsel), is DENIED without prejudice. Counsel is ORDERED to file and serve, within 30 days from the date of this order, either an application for leave to withdraw her appearance and a no-merit letter that complies with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), or a brief addressing the merits of Petitioner Steven Jones's petition for review.

_____
MARY HANNAH LEAVITT, President Judge