**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN R. BLASHOCK, IV | : | |
| | : | |
| Appellant | : | No. 2060 MDA 2018 |

Appeal from the PCRA Order Entered November 26, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0002477-2015

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                **FILED: SEPTEMBER 19, 2019**

John R. Blashock, IV appeals from the order entered by the PCRA court that denied his first counseled PCRA petition as untimely.  After careful review, we affirm.

On September 28, 2016, Appellant entered a guilty plea to one count of driving under the influence (DUI) and a summary count of driving while operating privileges are suspended.  As part of the plea agreement, the trial court sentenced Appellant to six months to a year of imprisonment and ordered the sentence to run concurrently with a sentence that Appellant was already serving at CP-54-CR-000530-2014.  At the time of the plea, Appellant was out on state parole at the latter case.  Appellant did not file a post-sentence motion or a direct appeal.  Therefore, his sentence became final thirty days later, on October 28, 2016.

---

*   Retired Senior Judge assigned to the Superior Court.

Following entry of his plea, Appellant's parole was revoked and he was ordered to serve nine months of parole back time. The Pennsylvania Board of Probation and Parole ("the Board") determined that, contrary to what the trial court announced during sentencing, Appellant's new sentence had to be served consecutively to the parole back time. On March 27, 2017, Appellant filed an administrative challenge with the Board, challenging the calculation of his sentence. On January 30, 2018, the Board issued a decision denying Appellant's administrative challenge.

On June 11, 2018, Appellant filed a *pro se* motion to modify sentence and enforce plea agreement *nunc pro tunc* on the grounds that the Board refused to run his sentence concurrently in accordance with the terms of his plea agreement. The court treated Appellant's motion as a PCRA petition and ordered the Commonwealth to file an answer. The Commonwealth filed an answer seeking to have the petition dismissed as untimely. One month later, the PCRA court appointed counsel to represent petitioner and ordered counsel to address the question of whether the petition was timely filed. Counsel filed a response arguing that the motion should not be construed as a PCRA petition and that it should be considered timely filed because Appellant filed his motion "in an expeditious manner as soon as he received the proper documentation." *See* Petitioner's Answer to New Matter, 10/31/18, at 2.

On November 15, 2018, the PCRA court held an evidentiary hearing. PCRA counsel conceded that the petition was untimely filed, but again argued that it should be treated as a *nunc pro tunc* post-sentence motion. N.T. PCRA

Hearing, 11/15/18, at 3-5. However, counsel also admitted that he had no authority to support his argument. *Id*. at 5. The PCRA court took the matter under advisement. *Id*. at 26. Two days later, the PCRA court issued an order denying the petition as untimely. In its order the court noted that Appellant had conceded that his petition was untimely filed and did not argue that any exceptions applied. PCRA Order, 11/21/18, at unnumbered 2. This timely appeal followed. Both Appellant and the PCRA court complied with the mandates of Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the trial court abused its discretion by treating Appellant's motion to modify sentence/enforce plea agreement as a request for post trial relief under Pennsylvania's Post Conviction Relief Act, 42 [Pa.C.S. § 9541] et al?

2. Whether the trial court abused its discretion by failing to treat petitioner's request for relief as a motion to modify sentence *nunc pro tunc*?

3. Whether trial counsel was ineffective when advising that a sentence in the instant case could be ran concurrently with any revocation sentence imposed by the Pennsylvania Board of Probation and Parole?

*See* Appellant's brief at 3.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." ***Commonwealth v. Whitehawk***, 146 A.3d 266, 269 (Pa.Super. 2016).

Since Appellant's first two claims are interrelated, we will address them together. Appellant challenges the PCRA court's treatment of his filing entitled "motion to modify sentence/enforce plea agreement *nunc pro tunc*" as a PCRA petition. **See** Appellant's brief at 13. He supports his position with reference to **Duncan v. Pennsylvania Dept. of Corrections**, 137 A.3d 575 (Pa. 2016), a case where our Supreme Court affirmed denial of a similarly situated appellant's petition for a writ of mandamus seeking a sentence modification, and noted that the appellant "may" have been able to seek modification of his sentence *nunc pro tunc* before the sentencing court. **Id**. at 576. Our Supreme Court did not elaborate on this point. We find Appellant's argument, which is entirely reliant on *dicta*, to be unavailing.

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. **See** 42 Pa.C.S. § 9542; **Commonwealth v. Haun**, 32 A.3d 697, 699 (Pa. 2011). Therefore, all issues that are cognizable under the PCRA must be raised in a timely PCRA petition. **Commonwealth v. Deaner**, 779 A.2d 578, 580 (Pa.Super. 2001) (finding that a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, all motions filed after a judgment of sentence is final are to be construed as PCRA petitions, unless the PCRA cannot provide for a potential remedy. **Commonwealth v. Taylor**, 65 A.3d 462, 467 (Pa.Super. 2013); **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa.Super. 2011) (stating broadly that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition").

In his motion to modify sentence and enforce plea agreement *nunc pro tunc*, Appellant asserts that his sentence as structured is illegal because the Board is running his new sentence consecutively to his parole back time, causing him to exceed the maximum sentence ordered at the instant case in accordance with the terms of his plea agreement. Challenges to the legality of sentence are always subject to review within the PCRA. ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa.Super. 2007). Thus, Appellant's claim, if timely raised, would be eligible for relief under the PCRA. ***See*** 42 Pa.C.S. § 9543. Accordingly, we find that the PCRA court did not err when it properly construed Appellant's motion as a PCRA petition.

In his third claim, Appellant argues that trial counsel was ineffective when advising him to enter a plea agreement for an illegal sentence. ***See*** Appellant's brief at 14. However, before we reach the merits of Appellant's claim we must determine if it is timely raised.

A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "This time constraint is jurisdictional in nature, and is not subject to tolling or other equitable considerations." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017) (citation omitted). The time bar can "only be overcome by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)–(iii)." ***Id***. Additionally, an appellant who invokes one of these exceptions must file his claim within one year of the date that the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Appellant concedes that his petition is facially untimely, but argues that it qualifies for the newly-discovered fact exception because he was not notified that his claim for administrative relief was denied until well after the one-year time bar had passed and he raised his claim within one year of the date that the Board denied his request for administrative relief. *Id*. at 15; *see also* 42 Pa.C.S. § 9545(b)(1)(ii) ("the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). However, the PCRA court found the petition was untimely because Appellant did not file his petition within one year of the date that he first became aware that his sentence was not running concurrently with his parole back time. *See* PCRA Court Opinion, 2/19/19, at 5-6. We agree.

Appellant's judgment of sentence became final on October 28, 2016. Appellant admits that he filed for administrative remedies with the Board on March 22, 2017 after he became aware that the Board was refusing to honor the concurrent sentence imposed by the sentencing court in this case. *See* Appellant's brief at 14. However, he did not file his *pro se* PCRA petition until June 11, 2018, more than a year after he first could have raised this issue. Therefore, this claim was not raised within one year of the date that it could have been presented, and the PCRA court did not err when it concluded that it was untimely.

As previously noted, Appellant has failed to convince us that his PCRA petition should have been construed as a motion to modify sentence *nunc pro tunc*. Additionally, he has not offered an adequate explanation for why he

- 6 -

could not have filed this petition earlier. Thus, he fails to meet his burden of proof to overcome the PCRA time-bar. We therefore affirm the dismissal of Appellant's PCRA petition on this basis.

Order affirmed.

Judge Strassburger joins the memorandum.

Judge McLaughlin files a concurring memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/19/2019