J-S28001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN R. BLASHOCK, IV | : | |
| | : | |
| Appellant | : | No. 2060 MDA 2018 |

Appeal from the PCRA Order Entered November 26, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0002477-2015

BEFORE: BOWES, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

CONCURRING MEMORANDUM BY McLAUGHLIN, J.:

**FILED: SEPTEMBER 19, 2019**

To the extent Appellant's motion below can be construed as arguing that his sentence became illegal once the Pennsylvania Board of Probation and Parole refused to honor his concurrent sentence, I join the Majority. I write separately to explain my reasons for rejecting Appellant's additional argument under ***Duncan v. Pennsylvania Department of Corrections***, 137 A.3d 575, 576-77 (Pa. 2016) (*per curiam*).

That case involved an inmate in virtually the same circumstances as Appellant. The Supreme Court affirmed the Department of Corrections' refusal to run the sentences concurrently, as doing so would violate the Parole Act. ***See id.*** at 576 (citing 61 P.C.S. § 6138(a)(5)). The Court added that "it

---

[*] Retired Senior Judge assigned to the Superior Court.

appears Appellant may be permitted to seek modification of his sentence *nunc pro tunc* before the sentencing court, asserting he had not received the benefit of the guilty plea bargain negotiated with the Commonwealth and approved by the court." **Id.** at 576-77 (citing **Fajohn v. Com., Dep't of Corrs.**, 692 A.2d 1067, 1068 n.1 (Pa. 1997); **Commonwealth v. Zuber**, 353 A.2d 441, 444 (Pa. 1976)).

Appellant followed that suggestion here when he filed his "Motion to Modify Sentence Enforce [sic] Plea Agreement *Nunc Pro Tunc*." **See** Motion, filed 6/11/18, at 3 (citing **Duncan**). The trial court refused relief, however, because Appellant waited approximately one year and three months after he first learned that the Board would not honor his concurrent sentence to file his *nunc pro tunc* motion. **See** Trial Court Opinion, filed 2/19/19, at 6. I do not consider that to have been an abuse of discretion. I therefore concur in the Majority's affirmance.