IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Braheem Bivens,                          :
                                         :
                    Petitioner           :
                                         :
              v.                         :  No. 192 M.D. 2018
                                         :  Submitted: June 7, 2019
Pennsylvania Department of               :
Corrections; SCI Graterford,             :
                                         :
                    Respondents:

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                  FILED:  March 11, 2020

Before this Court for disposition are the parties' cross-motions for judgment on the pleadings filed in our original jurisdiction. Petitioner Braheem Bivens (Bivens) asks this Court to compel Respondents Pennsylvania Department of Corrections (DOC) and the State Correctional Institution at Graterford (SCI-Graterford) (collectively, Respondents) to recalculate time owed on his new sentence by applying credit for backtime served on his original sentence in compliance with his sentencing order. In turn, Respondents seek judgment in their favor on the basis that Bivens' requested relief would violate the Prisons and Parole Code (Parole Code),[1] and mandamus is not available to compel the performance of an illegal sentencing order. For the reasons that follow, we deny Bivens' motion and grant Respondents' cross-motion.

_____
[1] 61 Pa. C.S. §§101-6309.

Bivens instituted this action by filing a petition for review in the nature of mandamus. In response, Respondents filed an answer and new matter, to which Bivens filed an answer. As admitted in the pleadings, the following facts are not in dispute. Bivens is an inmate incarcerated at SCI-Graterford. In December 2006, Bivens was convicted and sentenced on his original sentence at Docket No. CP-23-CR-0006443-2005 (Original Sentence). In November 2007, Bivens was paroled from this sentence.

On March 23, 2011, Bivens was reincarcerated based on a parole violation. On March 28, 2011, Bivens was arrested on new criminal charges and detained on those charges from March 28, 2011, until he posted bail on November 4, 2011. On March 6, 2012, Bivens negotiated a guilty plea for the new offenses at Docket No. CP-23-CR-0006525-2011, and the Court of Common Pleas of Delaware County (trial court) imposed a sentence of incarceration of 7 to 14 years (New Sentence). Thereafter, the trial court ordered credit "for time from March 28, 2011, to November 4, 2011, and all other credit he is entitled to under this court term and number to run [Bivens'] sentence concurrent with [his Original Sentence]." Petition for Review, Attachment (Trial Court's 7/29/14 Order).

Based on Bivens' new criminal conviction, the Pennsylvania Board of Probation and Parole (Board) recommitted Bivens as a convicted parole violator to serve 18 months backtime owed on his Original Sentence. On August 28, 2015, the Board reparoled Bivens from his Original Sentence, at which point Bivens became available to begin serving time on his New Sentence.

With regard to the New Sentence, Respondents applied credit from March 28, 2011 (date of incarceration), to November 4, 2011 (the date he posted bail), as ordered by the trial court. Respondents also awarded credit from March 13,

2

2012 (his scheduled report-in-date), until April 8, 2012 (the day before his custody from return). However, because Bivens was serving his Original Sentence as a convicted parole violator from March 23, 2012, to August 28, 2015, Respondents did not otherwise apply time served on his Original Sentence towards his New Sentence. In a letter DOC sent to the trial court regarding its sentencing order, DOC explained: "Time spent in custody after sentencing is applied towards satisfaction of the sentence being served. A sentenced prisoner is not entitled to receive duplicate credit for this same period of time on a separate sentence subsequently imposed for another offense." Respondents' Answer and New Matter, ¶19 and Exhibit A; Petitioner's Answer, ¶19.

Because there are no material facts in dispute, the parties filed cross-motions for judgment on the pleadings. Bivens asks this Court to order Respondents to recalculate his sentence by applying credit as ordered by the trial court. The trial court acted within its inherent power to impose his sentences to run concurrently pursuant to Section 9721(a) of the Sentencing Code, 61 Pa. C.S. §9721(a). Bivens argues that Respondents violated the trial court's sentencing order by refusing to run his New Sentence concurrently with the backtime served on his Original Sentence as ordered per the terms of the negotiated plea agreement.

On the other hand, Respondents assert that Bivens does not have a clear legal right to have his sentence recalculated to receive credit towards his New Sentence for the backtime served on his Original Sentence. The sentencing order's direction for Bivens' New Sentence to run concurrently with the backtime owed on the Original Sentence is an illegal sentence, which violates Section 6138 of the Parole Code, 61 Pa. C.S. §6138. On this basis, Respondents maintain they are entitled to judgment in their favor.

"When ruling on a motion for judgment on the pleadings, we must view all of the opposing party's allegations as true, and only those facts that the opposing party has specifically admitted may be considered against the opposing party." *Parish v. Horn*, 768 A.2d 1214, 1215 n.1 (Pa. Cmwlth. 2001), *aff'd*, 791 A.2d 1155 (Pa. 2002) (citations omitted). "We may consider only the pleadings themselves and any documents properly attached thereto." *Id.* "We may grant a motion for judgment [on] the pleadings only where there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law." *Id.*

A proceeding in mandamus is an extraordinary remedy at common law, designed to compel the performance of a ministerial act or mandatory duty. *Duncan v. Pennsylvania Department of Corrections*, 137 A.3d 575, 576 (Pa. 2016); *Allen v. Department of Corrections*, 103 A.3d 365, 370 (Pa. Cmwlth. 2014). "The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure." *Allen*, 103 A.3d at 369 (quoting *Detar v. Beard*, 898 A.2d 26, 29 (Pa. Cmwlth. 2006). "This Court may only issue a writ of mandamus where: (1) the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty; (2) the [respondent] possesses a corresponding duty to perform the act; and (3) the petitioner possesses no other adequate or appropriate remedy." *Id.* at 370; *accord Duncan*, 137 A.3d at 576. "Mandamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases." *Allen*, 103 A.3d at 370.

"Notwithstanding, mandamus is an appropriate remedy to correct an error in DOC's computation of maximum and minimum dates of confinement where the sentencing order clearly gives the inmate credit for the time period in question and DOC's computation does not comply with that credit." *Allen*, 103 A.3d at 370.

4

However, mandamus is not available to compel the performance of an illegal sentencing order. *Duncan*, 137 A.3d at 576; *Fajohn v. Department of Corrections*, 692 A.2d 1067, 1068 (Pa. 1997); *Lawrence v. Pennsylvania Department of Corrections*, 941 A.2d 70, 72 (Pa. Cmwlth. 2007); *Commonwealth v. Kelley*, 136 A.3d 1007, 1013-14 (Pa. Super. 2016).

When a parolee is convicted of a new criminal offense committed while on parole and punishable by prison time, the Board has the authority, in its discretion, to recommit the parolee as a convicted parole violator. Section 6138(a) of the Parole Code, 61 Pa C.S. §6138(a). Upon recommitment of a parolee, the Board may order him to serve some or all of the remainder of his original sentence as backtime. *Id.* Where the Board orders a parolee to serve backtime, this time must be served before the commencement of the new term. *Id.* Specifically, Section 6138(a)(5)(i) of the Parole Act provides:

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa C.S. §6138(a)(5)(i). In other words, "the original sentence and any new sentences must be served consecutively rather than concurrently." *Kerak v. Pennsylvania Board of Probation and Parole*, 153 A.3d 1134, 1138 (Pa. Cmwlth. 2016); *accord Allen v. Pennsylvania Board of Probation and Parole*, 207 A.3d 981, 985-86 (Pa. Cmwlth. 2019). A "sentencing judge has no authority to order" otherwise. *Kerak*, 153 A.3d at 1138 (quoting *Commonwealth v. Draper*, 293 A.2d

614, 615 (Pa. Super. 1972)). The imposition of a new state sentence to run concurrently with a parolee's backtime on the original sentence is considered an illegal sentence. *Duncan*, 137 A.3d at 576; *Kelley*, 136 A.3d at 1013-14; *see Lawrence*, 941 A.2d at 72. Although sentencing courts are generally authorized to impose sentences to run consecutively or concurrently under Section 9721 of the Sentencing Code, 42 Pa. C.S. §9721, they are not empowered to direct a new sentence to run concurrently with a prisoner's state parole violation sentence in violation of the Parole Code. *See Duncan*, 137 A.3d at 576; *Kelley*, 136 A.3d at 1013-14; *see Lawrence*, 941 A.2d at 72.

Upon review, the trial court lacked authority to order Bivens' New Sentence to run concurrently with the backtime imposed on his Original Sentence for the same offense. Enforcement of the trial court's order would violate the Parole Code. Because mandamus is not available to compel the performance of an illegal sentencing order, Bivens is not entitled to the requested mandamus relief. *See Duncan*.

For these reasons, we deny Bivens' motion for judgment on the pleadings and grant Respondents' cross-motion.[2]

MICHAEL H. WOJCIK, Judge

---

[2] We note that Bivens' appropriate avenue for review is to seek modification of his sentence *nunc pro tunc* before the trial court by asserting that he has not received the benefit of the negotiated guilty plea bargain that the court approved. *See Duncan*; *Kelley*.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Braheem Bivens,        :
       :
       Petitioner    :
       :
       v.        : No. 192 M.D. 2018
       :
Pennsylvania Department of    :
Corrections; SCI Graterford,    :
       :
       Respondents :

# **O R D E R**

AND NOW, this <u>11</u><sup>th</sup> day of <u>March</u>, 2020, Petitioner Braheem Bivens' (Petitioner) motion for judgment on the pleadings is DENIED and Respondents Pennsylvania Department of Corrections' and State Correctional Institution at Graterford's cross-motion for judgment on the pleadings is GRANTED. Petitioner's petition for review in the nature of mandamus is DISMISSED.

_____
MICHAEL H. WOJCIK, Judge