IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Demetrius J. Grant, : 
: 
                    Petitioner : 
: 
        v. : No. 341 M.D. 2021
: Submitted: July 1, 2022
Department of Corrections, : 
: 
              Respondent : 


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
PER CURIAM                                        FILED: August 16, 2023

        Before the Court is the Preliminary Objection (PO) in the nature of a demurrer[1] filed by the Department of Corrections (DOC) to the *pro se* Petition for

---

[1] As we have explained:

> In ruling on [POs], we must accept as true all well-pleaded material allegations in the [PFR], as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain [POs], it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.
>
> A [PO] in the nature of a demurrer admits every well-pleaded fact in the complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the complaint.

**(Footnote continued on next page…)**

Review (in the Nature of a Complaint in Mandamus) (PFR) filed in our original jurisdiction by Demetrius J. Grant (Inmate), an inmate at the State Correctional Institution (SCI) at Albion. We sustain DOC's PO, and dismiss Inmate's PFR.

In a prior action filed by Inmate, this Court explained:

> [Inmate] avers that on May 1, 1995, Judge Durkin of [the Allegheny County Court of Common Pleas (trial court)] sentenced him to serve a term of 22[-]½ to 45 years [at Docket No. CP-02-CR-0008669-1993] (Sentence 1)[2]; on May 30, 1995, Judge Durkin sentenced him to serve a term of 10 to 20 years [at Docket No. CP-02-CR-0009450-1993] (Sentence 2) to run consecutive to any sentence he was then serving. At the time Judge Durkin imposed the sentences, [Inmate] was serving a 10-year sentence in Georgia.
>
> On May 21, 1996, Judge Bigley sentenced [Inmate] to a term of 20 to 40 years [at Docket No. CP-02-CR-0005774-1995] (Sentence 3) to run consecutive to any sentence he was then serving. [The] Superior Court vacated the sentence, and on July 14, 1997, Judge Bigley re-imposed the consecutive 20- to 40-year term. [Inmate]

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted).

[2] In considering DOC's PO, it is appropriate for this Court to take judicial notice of our prior orders relating to the service of Inmate's various judgments of sentence, and the dockets of the underlying criminal matters. *See, e.g.*, Pa.R.E. 201(b)(2) (permitting courts to take judicial notice of facts that may be "determined from sources whose accuracy cannot reasonably be questioned"); *Moss v. Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018) ("[T]his Court may take judicial notice of information contained in the publicly-available docket of [the underlying proceedings]," and "'[i]t is well settled that this Court may take judicial notice of pleadings and judgments in other proceedings . . . where, as here, the other proceedings involve the same parties.'") (citations omitted); *Baney v. Fisher* (Pa. Cmwlth., No. 752 M.D. 2018, filed August 26, 2020), slip op. at 15 n.20 ("This Court may take judicial notice of official court records and public documents at the preliminary objection stage.") (citations omitted); *see also* Pa.R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value.").

avers that at the time of re-sentencing on Sentence 3, he was serving a parole violation sentence that commenced on June 9, 1997. [Inmate] seeks an order directing [DOC] to "unaggregate" Sentence 3 and run it concurrent with Sentences 1 and 2.

The aggregation of consecutive sentences is mandatory. *Commonwealth ex rel. Smith v. Dep*[*artmen*]*t of Corr*[*ections*], 829 A.2d 788[, 793] (Pa. Cmwlth. 2003) [(*Smith*)]; *Gillespie v. Dep[artmen]t of Corr*[*ections*], 527 A.2d 1061[, 1065] (Pa. Cmwlth. 1987) [(*Gillespie*)]. A new sentence cannot be served concurrently with a parole violation backtime sentence. [Section 6138(a) of the Prisons and Parole Code (Parole Code),] 61 Pa. C.S. §6138(a). On the facts averred, [Inmate] fails to establish a right to have Sentence 3 run concurrent with Sentences 1 and 2.

*Grant v. Department of Corrections* (Pa. Cmwlth., No. 527 M.D. 2011, filed May 16, 2012), *aff'd*, 58 A.3d 747 (Pa. 2012) (*Grant I*).

Similarly, in another prior action filed by Inmate, this Court explained:

[Inmate] avers that on May 1, 1995, Judge Durkin of [the trial court] sentenced him to serve a term of 22[-]½ to 45 years (Sentence 1); on May 30, 1995, Judge Durkin sentenced him to serve a term of 10 to 20 years (Sentence 2) to run consecutive to any sentence he was then serving. At the time Judge Durkin imposed the sentences, [Inmate] was serving a 10-year sentence in Georgia.

[Inmate] avers that Sentence 1 was to run consecutive to the Georgia sentence, but that on May 30, 1995, Judge Durkin knew he was serving a Georgia sentence and therefore, he avers, Sentence 2 was to run consecutive to the Georgia sentence and concurrent to Sentence 1. He seeks an order directing [DOC] to recalculate his sentences to reflect that Sentences 1 and 2 are concurrent and to correct the start date of these sentences to coincide with the start date of a third sentence[, Sentence 3,] that commenced following [Inmate's] service of a parole violation backtime sentence.

3

The aggregation of consecutive sentences is mandatory. [*Smith*]; [*Gillespie*]. On the facts averred, [Inmate] fails to establish a right to have Sentences 1 and 2 recalculated to run concurrently or have the effective date modified.

*Grant v. Department of Corrections* (Pa. Cmwlth., No. 318 M.D. 2014, filed October 23, 2014), *aff'd*, 121 A.3d 434 (Pa. 2015) (*Grant II*).

Subsequently, on September 30, 2021, Inmate filed the instant PFR again asking this Court to compel DOC to "unaggregate" the service of Sentences 1 and 2, and to run these sentences concurrently, but consecutive to the service of his prior backtime, in accordance with a prior DOC calculation.[3] In response, DOC filed these POs in the nature of a demurrer generally asserting that Inmate has failed to state a claim for which relief may be granted based on our prior final dispositions of Inmate's claims that were raised in *Grant I* and *Grant II*, and alleging, in relevant part, that "[t]he present [PFR] should be barred by the doctrine of *res judicata*[4]" based on our prior orders. DOC's POs ¶41.

---

[3] *See, e.g.*, PFR ¶12 ("[Inmate] filed a challenge of [DOC's] [] decision aggregating [S]entence[]s 1 & 2 consecutive[ly]. [He] claimed that it contravened [DOC's prior] determination that when [S]entence 2 was ordered to run consecutive to any sentence [that he was] serving, which at the time of sentencing would have been the backtime sentence thus making this sentence effective July 15, 2004."); *see also Grant II* PFR at 5 (asking this Court to "[i]ssue a writ of mandamus and direct [DOC] to recalculate [S]entence[]s 1 and 2 to conform to the trial court's sentencing orders, and to correct the start date of [S]entence[]s 1 and 2 to coincide with the start date of [S]entence 3"); *Grant I* PFR at 4 (asking this Court to "[e]nter judgment against [DOC] commanding it to unaggregate [S]entence 3, and run it concurrent with [S]entence[s] 1 and 2").

[4] As this Court has observed:

Strict *res judicata*, also known as claim preclusion, provides that where there is a final judgment on the merits, future litigation between the parties on the same cause of action is prohibited. Four factors must exist in order for claim preclusion to apply: (i) identity in the thing being sued upon or for; (ii) identity of the cause of

**(Footnote continued on next page…)**

We initially note that a proceeding in mandamus is an extraordinary remedy at common law, designed to compel the performance of a ministerial act or mandatory duty. *Duncan v. Pennsylvania Department of Corrections*, 137 A.3d 575, 576 (Pa. 2016); *Allen v. Department of Corrections*, 103 A.3d 365, 370 (Pa. Cmwlth. 2014). "The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure." *Id.*, 103 A.3d at 369 (quoting *Detar v. Beard*, 898 A.2d 26, 29 (Pa. Cmwlth. 2006)). "This Court may only issue a writ of mandamus where: (1) the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty; (2) the [respondent] possesses a corresponding duty to perform the act; and (3) the petitioner possesses no other adequate or appropriate remedy." *Id.* at 370; *accord Duncan*, 137 A.3d at 576. However, "[m]andamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases." *Allen*, 103 A.3d at 370. "The burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right to such relief." *Werner v. Zazyczny*, 681 A.2d 1331, 1335 (Pa. 1996).

Contrary to Inmate's legal assertions in the PFR, and as explained in our final orders in *Grant I* and *Grant II* that were affirmed by the Pennsylvania

action; (iii) identity of the persons and parties to the action; and (iv) identity of the quality or capacity of the parties being sued.

*McGill v. Southwark Realty Company*, 828 A.2d 430, 435 (Pa. Cmwlth. 2003) (citation omitted). Inmate disputes DOC's interposition of this PO at this stage of the proceedings because it is an affirmative defense that is properly raised as new matter in an answer to the PFR under Pa. R.Civ.P. Nos. 1028(a)(4) and 1030(a). However, Inmate did not properly raise such an objection in a PO to DOC's PO. *See, e.g.*, *Chasan v. Platt*, 244 A.3d 73, 81 (Pa. Cmwlth. 2020), *appeal denied*, 253 A.3d 679 (Pa. 2021) ("When a party *responds* to the [POs], instead of challenging the procedure by filing its own [POs], the party has waived any challenge to the form of pleading the defense. *See Feldman v. Hoffman*, 107 A.3d 821 (Pa. Cmwlth. 2014).") (emphasis in original).

Supreme Court, he is not entitled to have Sentences 1 and 2 "unaggregated" or to have the effective date of these sentences modified. Accordingly, based on our prior final judgments in *Grant I* and *Grant II*, we sustain DOC's PO and dismiss Inmate's PFR.[5]

---

[5] Inmate's Application for Extension of Time to Answer Respondent's Preliminary Objections is dismissed as moot.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Demetrius J. Grant,            :
                                        :
                   Petitioner      :
                                          :
               v.                   : No. 341 M.D. 2021
                                          :
Department of Corrections,      :
                                          :
                 Respondent :

**PER CURIAM**

# **O R D E R**

AND NOW, this 16th day of August, 2023, Respondent's preliminary objection in the nature of a demurrer is SUSTAINED, and Petitioner's petition for review is DISMISSED. *Grant v. Department of Corrections* (Pa. Cmwlth., No. 318 M.D. 2014, filed October 23, 2014), *aff'd*, 121 A.3d 434 (Pa. 2015); *Grant v. Department of Corrections* (Pa. Cmwlth., No. 527 M.D. 2011, filed May 16, 2012), *aff'd*, 58 A.3d 747 (Pa. 2012). Petitioner's Application for Extension of Time to Answer Respondent's Preliminary Objections is DISMISSED as moot.