IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Theodore Martin,            :
                               :
                  Petitioner   :
                               :
            v.               : No. 239 M.D. 2021
                               : Submitted: September 30, 2022
The Secretary of the Department   :
of Corrections, The Superintendent/  :
Warden of SCI Huntingdon, The   :
Clerk of Common Pleas Court of   :
Philadelphia County,            :
                               :
               Respondents  :


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                              FILED: September 6, 2023


Before the Court are the Preliminary Objections (POs) of the Secretary of Corrections and the Department of Corrections (Secretary and DOC, respectively), the Superintendent/Warden of the State Correctional Institution (SCI) at Huntingdon (Warden), and the Clerk of the Philadelphia Court of Common Pleas (Clerk and trial court, respectively) (collectively, Respondents) to the *pro se* Petition for a Writ of *Habeas Corpus* (Petition or PFR) filed by Theodore Martin (Inmate) in our original jurisdiction. We sustain the PO in the nature of a demurrer[1] and dismiss the Petition.

---

[1] As we have explained:

**(Footnote continued on next page…)**

Inmate is serving a 45- to 100-year judgment of sentence at SCI Huntingdon.[2]  On March 17, 1994, the Clerk generated Court Commitment Forms

---

> In ruling on [POs], we must accept as true all well-pleaded material allegations in the [PFR], as well as all inferences reasonably deduced therefrom.  The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion.  In order to sustain [POs], it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.
>
> A [PO] in the nature of a demurrer admits every well-pleaded fact in the [PFR] and all inferences reasonably deducible therefrom.  It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted.  When ruling on a demurrer, a court must confine its analysis to the complaint.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted).

[2] The Pennsylvania Superior Court has summarized the factual and procedural history underlying Inmate's judgment of sentence as follows:

> []      In 1993, following a jury trial, [Inmate] was found guilty of three counts of Rape, two counts of Attempted Rape, one count each of Involuntary Deviate Sexual Intercourse (hereinafter "IDSI") [and] Attempted IDSI, four counts of Possessing an Instrument of Crime (hereinafter "PIC") and Burglary. . . .
>
> []      The Commonwealth presented evidence establishing that between October 26[,] and November 14, 1991, [Inmate] engaged in several gunpoint sexual assaults.  All of the assaults except for one occurred in a several block area of North Philadelphia.  The other crime occurred while [Inmate] was burglarizing a home in West Philadelphia. [Inmate] would abduct his victims, take them to a vacant lot or force his way into their homes, where he would sexually assault them.

**(Footnote continued on next page…)**

(Forms DC-300B) as required for the commitment of Inmate to the custody of DOC. *See* Petition Exhibits L, M, N, and O.[3]  On April 4, 2011, DOC issued a Sentence Status Summary to the Inmate, which Inmate disputes in his Petition.  *See* Petition Exhibits P, Q, R, and S.

> []      On March [1]7, 1994, [Inmate] was sentenced to an aggregate term of imprisonment of forty-five (45) to [one hundred] 100 years.
>
> An appeal was filed on behalf of [Inmate].  The trial court filed an opinion on December 21, 1994.  On September 8, 1995, the Superior Court affirmed the judgment of sentence.  A Petition for Allowance of Appeal to the Pennsylvania Supreme Court was denied on April 9, 1996.  [*See Commonwealth v. Martin* (Pa. Super., Nos. 1030 PHL 94, 1354 PHL 94, filed September 8, 1995), *appeal denied*, 675 A.2d 1245 (Pa. 1996).]

*Commonwealth v. Martin* (Pa. Super., No. 445 EDA 1999, filed May 9, 2000), slip op. at 1-2 (footnote omitted).

In ruling on Respondents' POs, it is appropriate for this Court to take judicial notice of both our dockets and the dockets of the underlying criminal matters.  *See, e.g.*, Pa.R.E. 201(b)(2) (permitting courts to take judicial notice of facts that may be "determined from sources whose accuracy cannot reasonably be questioned"); *Moss v. Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018) ("[T]his Court may take judicial notice of information contained in the publicly available docket of [the underlying proceedings]," and "'[i]t is well settled that this Court may take judicial notice of pleadings and judgments in other proceedings . . . where, as here, the other proceedings involve the same parties.'") (citations omitted); *Baney v. Fisher* (Pa. Cmwlth., No. 752 M.D. 2018, filed August 26, 2020), slip op. at 15 n.20 ("This Court may take judicial notice of official court records and public documents at the preliminary objection stage.") (citations omitted); *see also* Pa.R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008.  Non-precedential decisions . . . may be cited for their persuasive value.").

---

[3] Section 9764(a) of the Judicial Code states, in pertinent part:  "Upon commitment of an inmate to the custody of [DOC] . . . , the sheriff or transporting official shall provide to the [SCI's] records officer or duty officer, in addition to" Inmate's judgment of sentence, "a copy of the [Form DC-300B] generated from the Common Pleas Criminal Court Case Management System of the unified judicial system[.]"  42 Pa. C.S. §9764(a).

On July 22, 2021, Inmate filed the instant Petition in which he "contends that the several [Forms DC-300B] that were issued to [DOC] by the [Clerk] . . . are a nullity and ha[ve] no legal efficacy [] because they are not predicated upon any existing recorded sentences to carry into effect[.]" Petition at 6. Specifically, Inmate "contends that he is entitled the right to be discharged from under several of the [Forms DC-300B] filed in his case, because the [Clerk] was without legal authority to issue [the Forms DC-300B] under the [criminal docket numbers] where there exist no recorded judgments or sentences under those [docket numbers]," and "the [Clerk] knew or should have known that the mandatory prerequisites of [Sections 2756(a)(1) and 2757(3) of the Judicial Code,] 42 Pa. C.S. §2756(a)(1) and 2757(3), which mandates the entry of a judgment upon the records of the [trial] court," and which had not happened "prior to, nor after, the [C]lerk entered a judgment on the several [Forms DC-300B] for his detention under those [docket numbers] in his case." *Id.* at 8.

Based on the foregoing, Inmate asks this Court to "direct[] the [Clerk], and [DOC], and the [Warden] not to give any legal effect to the [Forms DC-300B] on the grounds that such [Forms DC-300B] are null and void," and "to direct the [Clerk] to invalidate or strike from the record the [Forms DC-300B], on the grounds that the [Clerk] had no legal authority to change or increase" the trial court's judgment of sentence, "particularly where no recorded sentence exist[s] within the certified records under those [docket numbers]." Petition at 10.[4] On March 16, 2022, DOC filed the POs in the nature of a demurrer, claiming that Inmate fails to

---

[4] Although the Petition is styled as seeking *habeas corpus* relief, "because [Inmate] actually seeks relief in mandamus, this Court does have jurisdiction in this matter. *See, e.g.*, *McGriff v. Pennsylvania Board of Probation & Parole*, [613 A.2d 688, 689-90 (Pa. Cmwlth. 1992)]." *Alston v. Pennsylvania Board of Probation and Parole*, 799 A.2d 875, 876 n.3 (Pa. Cmwlth. 2002).

state a valid claim for either *habeas corpus* or mandamus relief, and both parties have filed briefs in support of their respective positions.

We initially note that a proceeding in mandamus is an extraordinary remedy at common law, designed to compel the performance of a ministerial act or mandatory duty. *Duncan v. Pennsylvania Department of Corrections*, 137 A.3d 575, 576 (Pa. 2016); *Allen v. Department of Corrections*, 103 A.3d 365, 370 (Pa. Cmwlth. 2014). "The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure." *Allen*, 103 A.3d at 369 (quoting *Detar v. Beard*, 898 A.2d 26, 29 (Pa. Cmwlth. 2006)). "This Court may only issue a writ of mandamus where: (1) the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty; (2) the [respondent] possesses a corresponding duty to perform the act; and (3) the petitioner possesses no other adequate or appropriate remedy." *Id.* at 370; *accord Duncan*, 137 A.3d at 576. However, "[m]andamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases." *Allen*, 103 A.3d at 370. "The burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right to such relief." *Werner v. Zazyczny*, 681 A.2d 1331, 1335 (Pa. 1996).

Moreover, as this Court has recently explained:

> [DOC] "is charged with faithfully implementing sentences imposed by the courts. As part of the executive branch, [DOC] lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions." *McCray* [*v. Department of Corrections*, 872 A.2d 1127, 1133 (Pa. 2005)]. The [Form DC-300B], despite its "DC" designation, is generated by the sentencing court, and [DOC] cannot modify or disregard it. *See Spotz* [*v. Commonwealth*, 972 A.2d 125, 131 (Pa. Cmwlth. 2009)] ("Even though the [Form DC-300B] was completed on the

5

court's behalf by the clerk and was not signed by the sentencing judge, [DOC] did not err in relying on that form[.]") (quoting *Boyd* [*v. Pennsylvania Department of Corrections*, 831 A.2d 779, 783 n.6 (Pa. Cmwlth. 2003), *aff'd*, 886 A.2d 222 (Pa. 2005)]). If a [Form DC-300B] has an alleged error, the inmate's remedy lies with the sentencing court "for clarification and/or correction of the sentence imposed," not with [DOC]. *See Commonwealth v. Heredia*, 97 A.3d 392, 395 (Pa. Super.), *appeal denied*, 104 A.3d 524 (Pa. 2014) (quoting *Commonwealth v. Perry*, 563 A.2d 511, 512 (Pa. Super. 1989)). Therefore, [the inmate] has failed to state a claim against [the r]espondents upon which relief can be granted concerning his [Form DC-300B].

*Dunbar v. Wetzel* (Pa. Cmwlth., No. 337 M.D. 2019, filed August 30, 2021), slip op. at 10. Likewise, in the above-captioned matter, this Court may not grant the requested relief.[5]

Accordingly, Respondents' PO in the nature of a demurrer is sustained, and Inmate's Petition is dismissed.

---

[5] *See Dunbar*, slip op. at 11, wherein we stated:

As discussed above, the information contained in sentencing documents comes from the sentencing court; [DOC] relies on the documentation to carry out its duties, but is not authorized to amend or correct this information, adjudicate the legality of a sentence, or add or delete sentencing conditions. *See McCray*, 872 A.2d at 1133; *Heredia*, 97 A.3d at 395; *Spotz*, 972 A.2d at 131. Therefore, [the inmate] has failed to state a claim against [the r]espondents upon which relief can be granted concerning the legitimacy or accuracy of his criminal history and [the r]espondents' preliminary objection in the nature of a demurrer will be sustained.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Theodore Martin, : 
                                   :
             Petitioner : 
                                   :
         v. : No. 239 M.D. 2021
                                   :
The Secretary of the Department : 
of Corrections, The Superintendent/ : 
Warden of SCI Huntingdon, The : 
Clerk of Common Pleas Court of : 
Philadelphia County, : 
                                   :
             Respondents :

**PER CURIAM**

**O R D E R**

AND NOW, this 6th day of September, 2023, the Preliminary Objection in the nature of a demurrer filed by Respondents is SUSTAINED, and Petitioner's Petition for a Writ of *Habeas Corpus* is DISMISSED.