IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Stark,                                    :
                          Petitioner            :
                                                :
            v.                                  :     No. 436 M.D. 2024
                                                :     Submitted:  August 8, 2025
Pennsylvania Department of                      :
Corrections,                                    :
                          Respondent            :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED:  October 31, 2025

        Presently before the Court in our original jurisdiction is a single preliminary objection in the nature of a demurrer of the Pennsylvania Department of Corrections (DOC) to David Stark's pro se Petition for Review in the nature of mandamus (Petition).  In the Petition, Stark requests that the Court order DOC to correct what Stark maintains is the incorrect computation of his carceral sentence.  After careful review, the Court sustains the preliminary objection of DOC and dismisses the Petition with prejudice.

        Stark is an inmate incarcerated at the State Correctional Institution (SCI) at Albion.  (Petition ¶ 2.)  Currently, Stark is serving a 5- to 10-year sentence for burglary imposed by the Court of Common Pleas of York County, which indicated the effective date of the sentence was to be June 2, 2021 (2021 Sentence).  (*Id.* ¶ 4,

Ex.) Based on the listed effective date, Stark believes the minimum and maximum dates of his confinement are June 2, 2026, and June 2, 2031, respectively. (*Id.* ¶ 6.) However, DOC calculated Stark's minimum and maximum dates as November 23, 2028, and November 23, 2033, respectively. (*Id.* ¶ 5.) Therefore, Stark filed the Petition, requesting that the Court order DOC to recalculate the dates of his confinement in accordance with the 2021 Sentence. (*Id.*, Wherefore Clause.)

In response to the Petition, DOC filed a single preliminary objection in the nature of a demurrer pursuant to Pennsylvania Rule of Appellate Procedure 1516, Pa.R.A.P. 1516, and Pennsylvania Rule of Civil Procedure 1028, Pa.R.Civ.P. 1028. Therein, DOC explains that until November 22, 2023, Stark served a sentence for violating parole of a prior 10- to 20-year sentence imposed on Stark in March 2007.[1] Consequently, DOC asserts that the 2021 Sentence did not begin to run until after the state parole violation sentence ended on November 22, 2023, pursuant to Section 6138 of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6138. DOC thus argues Stark lacks a clear right to mandamus relief, and DOC has no duty to compute Stark's sentencing dates in accordance with the listed effective date in the 2021 Sentence because Section 6138 of the Code mandates that the 2021 Sentence run consecutively to the state parole violation sentence. Additionally, DOC posits that Stark has remedies alternative to mandamus relief because "Stark can file a motion to modify sentence or to withdraw his guilty plea *nunc pro tunc* if he feels he did not

---

[1] DOC asks the Court to take judicial notice of the two criminal dockets, CP-36-CR-0002062-2006 and CP-36-CR-0002076-2006, which evidence Stark's sentencing in March 2007. Relying on these criminal dockets and that one of the exhibits in the Petition contains a "scribbled over" prior state inmate number, DOC argues the 2021 Sentence must run consecutive to Stark's state parole violation sentence on the March 2007 sentence. (DOC Preliminary Objection ¶¶ 13-15.) The Court may take judicial notice of the criminal dockets. *See Sherwood v. Pennsylvania Department of Corrections*, 268 A.3d 528, 553 n.26 (Pa. Cmwlth. 2021) ("The Court may take judicial notice of official court records and public documents in connected cases.").

get the benefit of his negotiated plea bargain that improperly promised a June 2, 20[2]1 start date." (DOC Preliminary Objection ¶ 22.) Accordingly, DOC requests that the Court dismiss the Petition.

In opposition to the preliminary objection, Stark argues he is entitled to mandamus relief because DOC is obligated to follow the 2021 Sentence, which "was ordered to be run concurrent to his parole violation sentence on the prior 10[-] to 20[-]year sentence." (Stark's Brief in Supporting Argument (Br. in Supp.) at 6 (emphasis removed).) Stark further contends he "is entitled to the plea agreement he pled to, which means he is entitled to a sentence of concurrency." (*Id.* at 8.) "Anything but," Stark asserts, "would violate his constitutional rights to due process and fundament[al] fairness." (*Id.*).

To begin, "[p]reliminary objections may be filed by any party to any pleading . . . [for] legal insufficiency of a pleading (demurrer)." Pa.R.Civ.P. 1028(a)(4). A demurrer "tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted." *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). "For the purpose of evaluating the legal sufficiency of the challenged pleading, the court must accept as true all well-pleaded, material, and relevant facts alleged in the [petition] and every inference that is fairly deducible from those facts." *Commonwealth by Shapiro v. UPMC*, 208 A.3d 898, 908-09 (Pa. 2019) (citation omitted). However, we "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Torres*, 997 A.2d at 1245. "Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Commonwealth by Shapiro*, 208 A.3d at 909 (citation omitted).

3

"Mandamus is an extraordinary remedy used to compel the performance of a ministerial act or mandatory duty where a petitioner establishes (1) a clear right to relief, (2) a corresponding duty in the respondent, and (3) a lack of any other adequate and appropriate remedy at law." *Romig v. Wetzel*, 309 A.3d 1108, 1112-13 (Pa. Cmwlth. 2024). "The purpose of mandamus is not to establish rights or to compel performance of discretionary acts but, instead, to enforce rights that have been clearly established." *Id.* "Where discretionary actions and criteria are not being contested, but rather the actions of [DOC] in computing an inmate's maximum and minimum dates of confinement are being challenged, an action for mandamus remains viable as a means for examining whether statutory requirements have been met." *McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1130-31 (Pa. 2005). Nonetheless, "we will sustain a demurrer to a petition for review requesting mandamus where a party 'has failed to establish a clear right to relief in mandamus.'" *Seguro Medico, LLC v. Humphreys*, 313 A.3d 298, 308 (Pa. Cmwlth. 2024).

Here, the Court is constrained to sustain the preliminary objection of DOC because Stark has not established a clear right to mandamus relief. It is well settled that DOC is obligated to credit inmates for statutorily-mandated periods of incarceration. *McCray*, 872 A.2d at 1133. Indeed, as an executive branch agency, DOC "is charged with faithfully implementing sentences imposed by the courts" and "lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions." *Id.* Therefore, "[b]ecause the sentence imposed by a [sentencing] court is a question of law that involves no discretion on the part of [DOC], mandamus will lie to compel [DOC] to properly compute a prisoner's sentence." *Powell v. Dep't of Corr.*, 14 A.3d 912, 915 (Pa. Cmwlth. 2011). However, an inmate has no clear right to compel DOC to effectuate an illegal sentencing order. *See Duncan v. Dep't of*

*Corr.*, 137 A.3d 575, 576 (Pa. 2016); *Fajohn v. Dep't of Corr.*, 692 A.2d 1067, 1068 (Pa. 1997). As DOC correctly observes, "Section 6138(a)(5) of the . . . Code provides that once a parolee is recommitted as a convicted parole violator, the original sentence and any new sentences must be served consecutively rather than concurrently." *Kerak v. Pa. Bd. of Prob. & Parole*, 153 A.3d 1134, 1138 (Pa. Cmwlth. 2016) (citing 61 Pa.C.S. § 6138(a)(5)). Accordingly, any sentencing order contrary to Section 6138(a)(5) of the Code is illegal and the Court cannot compel DOC to enforce it. *See Duncan*, 137 A.3d at 576; *Kerak*, 153 A.3d at 1141.

In the case at bar, Stark admits he was serving a state parole violation sentence at the time the Court of Common Pleas of York County imposed the 2021 Sentence. (*See* Stark's Br. in Supp. at 6, 8.) This Court has held that such statements made in a party's brief "are treated as a judicial admission," which "are formal concessions in the pleadings in the case or stipulations by a party or its counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Bartholomew v. State Ethics Comm'n*, 795 A.2d 1073, 1078 (Pa. Cmwlth. 2002) (citation omitted). "[J]udicial admissions are conclusive." *Id.* Consequently, Stark has no clear right to relief in mandamus to compel DOC to calculate the dates of his confinement in accordance with the listed effective date in the 2021 Sentence because Section 6138(a)(5) of the Code requires that the 2021 Sentence run consecutively to his state parole violation sentence.[2] *See Duncan*, 137 A.3d at 576; *Kerak*, 153 A.3d at 1141.

---

[2] As our Supreme Court has explained, "Pennsylvania has followed this rule since *Wills v. Kane*, 2 Grant 60, 63 (Pa. 1853), where it was insisted: 'When a man alleges a fact in a court of justice, for his advantage, he shall not be allowed to contradict it afterwards.'" *Tops Apparel Mfg. Co. v. Rothman*, 244 A.2d 436, 438 n.8 (Pa. 1968); *accord Sherrill v. Workmen's Comp. Bd. of Appeal (Sch. Dist. of Phila.)*, 624 A.2d 240, 243 (Pa. Cmwlth. 1993) ("An important facet of such an admission is that it has been made for the advantage of the admitting party and once the **(Footnote continued on next page…)**

For the foregoing reasons, the Court sustains the preliminary objection of DOC and dismisses the Petition with prejudice.[3]

_____
RENÉE COHN JUBELIRER, President Judge

admission has been made, the party making it is not allowed to introduce evidence attempting to disprove it."). Here, Stark admits he was serving a state parole violation sentence at the time of the 2021 Sentence in support of his position that he "is entitled to the plea agreement he pled to, which means he is entitled to a sentence of concurrency"—an admission made for his advantage. (*See* Stark's Br. in Supp. at 8.)

    [3] While this Court cannot compel DOC to effectuate the 2021 Sentence, Stark is not without possible recourse. The courts of common pleas maintain "the inherent power to correct patent errors" in sentencing agreements. *Commonwealth v. Holmes*, 933 A.2d 57, 65-66 (Pa. 2007). Furthermore, Stark is entitled to the bargain he struck in the plea agreement for the 2021 Sentence. *See Commonwealth v. Martinez*, 147 A.3d 517, 532 (Pa. 2016) ("[I]n this Commonwealth, when trial courts accept plea agreements, the convicted criminals . . . are entitled to the benefit of their bargains."). Therefore, although "[n]ot all illegal sentences will be amenable to correction," *Holmes*, 933 A.2d at 67, Stark may seek to vacate his plea agreement and obtain a new sentencing order in the Court of Common Pleas of York County, *see Kerak*, 153 A.3d at 1140 n.12 (citing *Palmer v. Pennsylvania Board of Probation and Parole*, 134 A.3d 160, 166 (Pa. Cmwlth. 2016)).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Stark,                                    :
                    Petitioner                  :
                                                :
          v.                                    :     No. 436 M.D. 2024
                                                :
Pennsylvania Department of                      :
Corrections,                                    :
                    Respondent                  :

# **O R D E R**

NOW, October 31, 2025, the preliminary objection filed by the Pennsylvania Department of Corrections is **SUSTAINED**.  David Stark's Petition for Review in the nature of mandamus is **DISMISSED** with prejudice.

_____
RENÉE COHN JUBELIRER, President Judge